## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE R. JOHNSON** | **CIVIL ACTION** |
| **versus** | **NO. 14-1696** |
| **JAMES ROGERS, WARDEN** | **SECTION: "C"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Michelle R. Johnson,[1] is a state prisoner incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.  On September 16, 2011, she pleaded guilty under Louisiana law to two counts of armed robbery and was sentenced on each count to a concurrent term of twenty-five years imprisonment without benefit of probation, parole, or suspension of sentence.[2]  On October 10, 2011, she filed a motion to withdraw her guilty plea;

---

[1] Petitioner's forename appears in the record as both "Michelle" and "Michele."

[2] State Rec., Vol. I of III, transcript of September 16, 2011; State Rec., Vol. I of III, minute entry dated September 16, 2011.

however, that motion was denied on October 27, 2011.[3]  In June of 2012, she then filed a motion for

appeal, which was granted by the state district court on July 27, 2012;[4] however, the Louisiana First

Circuit Court of Appeal subsequently dismissed that appeal as untimely filed on October 11, 2012.[5]

After that direct appeal was dismissed as untimely, petitioner filed a motion for an

out-of-time appeal with the state district court on October 23, 2012.[6]  On October 29, 2012, the

district court judge issued an order simply stating:  "Previously granted."[7]  That cryptic order

apparently referred to his prior order of July 27, 2012, with him being unaware that the appeal had

already been dismissed by the Court of Appeal on October 11, 2012.[8]  Petitioner then apparently

attempted to remedy that confusion by filing another motion for an out-of-time appeal; however, that

motion was denied on November 27, 2012.[9]

---

[3] State Rec., Vol. I of III.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  The date on which that occurred with respect to this motion is not apparent from the record.  However, the motion could not have been placed in the prison mailing system prior to October 10, 2011, the date on which petitioner signed it.

[4] State Rec., Vol. I of III.

[5] State v. Johnson, No. 2012 KA 1241 (La. App. 1st Cir. Oct. 11, 2012); State Rec., Vol. III of III.

[6] State Rec., Vol. III of III.  Petitioner signed that motion on October 23, 2012.

[7] State Rec., Vol. III of III, Order dated October 29, 2012.

[8] See Rec. Doc. 7-2, p. 32.

[9] State Rec., Vol. II of III.

On February 21, 2013, petitioner filed an application for post-conviction relief with the state district court.[10]  That application was denied on May 2, 2013.[11]  She then filed a motion for rehearing, which was also denied on May 17, 2013.[12]  Her related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on August 27, 2013,[13] and by the Louisiana Supreme Court on April 17, 2014.[14]

On or after July 15, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[15]  The state argues that the federal application is untimely.[16]  Petitioner has filed a reply to the state's response.[17]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring her Section 2254 claims within one (1) year of the date on which her

---

[10]  State Rec., Vol. II of III.  That application was signed on February 21, 2013.

[11]  State Rec., Vol. III of III, Order dated May 2, 2013.

[12]  State Rec., Vol. III of III.

[13]  State v. Johnson, No. 2013 KW 0943 (La. App. 1st Cir. Aug. 27, 2013); State Rec., Vol. III of III.

[14]  State *ex rel.* Johnson v. State, 138 So.3d 620 (La. 2014) (No. 2013-KH-2161); State Rec., Vol. III of III.

[15]  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Because petitioner signed the memorandum accompanying her application on July 15, 2014, see Rec. Doc. 7-1, p. 68, it was obviously given to prison officials for mailing on or after that date.

[16]  Rec. Docs. 16 and 17.

[17]  Rec. Doc. 18.

underlying criminal judgment became "final."[18]  On that point, the United States Fifth Circuit Court

of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review.  See Foreman, 383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on September 16, 2011.

Therefore, her state criminal judgment was final for AEDPA purposes on October 17, 2011, when

---

[18]   Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

her time expired for filing an appeal under state law.[19]  Although a petitioner's federal limitations period usually commences as soon as her state criminal judgment becomes final, that did not occur here due to statutory tolling.  Specifically, the AEDPA provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  When petitioner's criminal judgment became final on October 17, 2011, she had already tolled the federal limitations period by filing the motion to withdraw her guilty plea on October 10, 2011.[20]  Although that motion was denied on October 27, 2011, tolling continued until November 28, 2011, when her period expired for seeking review of that denial by the Louisiana First Circuit Court of Appeal.[21]  Because she failed to seek such review by that

_____

[19]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal her conviction or sentence.  La. Code Crim. P. art. 914.  In this case, the thirtieth day of that period fell on a Sunday, and, therefore, petitioner had until Monday, October 17, 2011, to file an appeal.  See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

[20]  The state argues that the motion cannot be considered "properly filed" (as required for tolling) because such a motion may only be filed prior to sentencing.  La. Code Crim. P. art. 559(A) ("Upon motion of the defendant and after a contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence.").  The undersigned rejects that argument.  See Gallow v. Cooper, 301 Fed. App'x 342, 344-45 (5th Cir. 2008) ("Based on controlling Louisiana Supreme Court precedent, we conclude that a motion to withdraw a guilty plea filed after sentencing in the convicting trial court can be considered properly filed as a post-conviction motion and can commence tolling the one-year statute of limitations on the date filed.").

[21]  See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3 (a litigant has thirty days to seek review by a Louisiana Court of Appeal).  Because the thirtieth day here fell on a Saturday, petitioner had until Monday, November 28, 2011, to file a writ application with the Louisiana First Circuit Court of Appeal.  See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

deadline, federal tolling ceased and her one-year federal limitations period finally commenced on November 28, 2011.  See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004) (a state application ceases to be pending when the time for supervisory review expires).

       The Court must next determine whether, once it commenced, the limitations period was further tolled at any point.  Therefore, the Court must consider whether petitioner's other state court filings tolled the period.

       As a preliminary matter, the Court first notes that petitioner's motion for appeal, which was filed in June of 2012 and granted the following month, has no bearing on this federal proceeding.  That motion for appeal was clearly an attempt to seek direct review; however, on October 11, 2012, the Louisiana First Circuit Court of Appeal expressly dismissed the direct appeal as untimely filed.[22]  The United States Fifth Circuit Court of Appeals has conclusively held that a petitioner is not entitled to any tolling credit whatsoever under § 2244(d)(2) for an untimely direct-review filing.  As the Fifth Circuit explained, "[u]nder that provision it is only state post-conviction relief proceedings that cause tolling." Butler, 533 F.3d at 318 (emphasis added). Because petitioner's appeal was filed as part of the direct review proceedings, § 2244(d)(2) is simply inapplicable to that filing. Johnson v. Cain, Civ. Action No. 12-974, 2013 WL 5961101, at *4 (E.D. La. Nov. 7, 2013); Allen v. Tanner, Civ. Action Nos. 11-927 and 11-1601, 2011 WL 4344586, at *2 (E.D. La. Aug. 19, 2011), adopted, 2011 WL 4345081 (E.D. La. Sept. 15, 2011).

---

[22] State v. Johnson, No. 2012 KA 1241 (La. App. 1st Cir. Oct. 11, 2012); State Rec., Vol. III of III.

The Court must next consider the effect of petitioner's subsequent motions for an out-of-time appeal.  As noted, when petitioner filed her first such motion on October 23, 2012, the district judge took no action other than to state "Previously granted," apparently assuming that the motion for an out-of-time appeal was superfluous based on his mistaken belief that petitioner had an appeal still pending.  When she then filed her subsequent motion in November, the state district judge, now apparently aware that the appeal had been dismissed, denied that motion on November 27, 2012.

Under Louisiana law, a motion for an out-of-time appeal is a type of post-conviction application.  State v. Counterman, 475 So.2d 336, 339 (La. 1985); see also La. Code Crim. P. art. 930.8(A).  Therefore, the filing of such a motion normally entitles a petitioner to tolling under § 2244(d)(2).  See, e.g., Manes v. Warden, Louisiana State Police Barracks, Civ. Action No. 13-2753, 2014 WL 690690, at *4 (W.D. La. Feb. 20, 2014).  Moreover, based on the state court's confusion and out of an abundance of caution, the undersigned will assume for the purposes of this decision that petitioner should be granted the full amount of tolling credit to which she could even conceivably be entitled under this unusual scenario.  Therefore, the undersigned concludes that after three hundred twenty-nine (329) days of the federal limitations period elapsed, it was tolled by petitioner's filing of the first motion for an out-of-time appeal on October 23, 2012.  Moreover, tolling then continued until December 27, 2012, when her deadline expired for seeking further review from the denial of her second such motion on November 27, 2012.

When petitioner's federal limitations period resumed running at that point, only thirty-six (36) days remained.  Accordingly, she had only until February 1, 2013, either to again toll the limitations period or to file her federal application.

Clearly, petitioner is not entitled to further statutory tolling, because she filed no other state post-conviction or other collateral review applications prior to February 1, 2013.  Although she subsequently filed such an application on February 21, 2013, that application cannot serve as a basis for statutory tolling because the limitations period had already expired before it was filed.  Simply put, once the federal limitations period had expired, "[t]here was nothing to toll."  Butler, 533 F.3d at 318.[23]

_____

[23]  Moreover, even if the state application had been filed a few weeks earlier and had therefore tolled the limitations period, that ultimately would not aid petitioner.  Even under that scenario, any tolling would have ceased with respect to the state application when the Louisiana Supreme Court denied relief on April 17, 2014.  See Lawrence v. Florida, 549 U.S. 327, 332 (2007) (holding that a petitioner receives no additional tolling credit for the period during which she could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief).  At least eighty-nine (89) additional days then elapsed before petitioner filed her federal application on or after July 15, 2014.  That additional period alone would be sufficient to render her federal application untimely by almost two months.  While two months might strike some as a relatively short period of time, "the magnitude of [a petitioner's] tardiness" is not a proper consideration in determining the timeliness of a federal _habeas_ application.  Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002).  As the United States Fifth Circuit Court of Appeals has explained:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary.  AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions.  Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible.  Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.  We consistently have denied tolling even where the petition was only a few days late.

Id. at 264-65 (footnote omitted).

The Court must also consider whether petitioner is entitled to equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that she is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). By entering her unconditional plea, petitioner has already conceded under oath that she in fact committed and was guilty of the crimes of which she stands convicted. Moreover, even if

McQuiggin applies in the context of a guilty plea, a point which is by no means clear,[24] petitioner does not invoke McQuiggin and, in any event, has not made a colorable showing that she is actually innocent in light of "new evidence."

Because petitioner is not entitled to further statutory tolling, and because she has not established that she is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, her federal application for *habeas corpus* relief had to be filed no later than February 1, 2013, in order to be timely.  Her federal application was not filed until July 15, 2014, and, therefore, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Michelle R. Johnson be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[24]   Some courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty.  See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013). But see Green v. Williams, No. 3:11-CV-00455, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

       New Orleans, Louisiana, this sixth day of January, 2015.

                  **SALLY SHUSHAN**
                  **UNITED STATES MAGISTRATE JUDGE**

---

[25] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.